UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-61993-CIV-COHN

DYER R. SMITH,

Magistrate Judge White

    Plaintiff,

vs.

PAPITO LEE RIGBY,

    Defendant.
_____/

## FINAL ORDER OF DISMISSAL

**THIS CAUSE** is before the Court upon the Report and Recommendation [DE 6] of Magistrate Judge Patrick A. White and Plaintiff's Objections thereto [DE 9]. The Court has carefully considered all of Plaintiff's filings and is otherwise fully advised in the premises.

Plaintiff filed this action against his former employer, Papito Lee Rigby, for failure to pay wages and for return of property. Plaintiff is currently incarcerated on unrelated charges. Plaintiff filed this action in this court pursuant to 42 U.S.C. § 1983 for alleged civil rights violations. The Court has conducted a de novo review of the report and recommendation and reviews the Complaint pursuant to 28 U.S.C. § 1915e(2)(B).

The action was referred to United States Magistrate Judge Patrick White, who recommended dismissal of the Complaint for failure to state a claim under 42 U.S.C. § 1983 because the Defendant was not a state actor. To prevail on a claim under Section 1983, "a plaintiff must demonstrate both (1) that the defendant deprived her of

a right secured under the Constitution or federal law and (2) that such a deprivation occurred under color of state law." Arrington v. Cobb County, 139 F.3d 865, 872 (11th Cir. 1998).  Plaintiff has alleged a failure to pay back wages, which is a serious claim under federal law, but is not a civil rights action because a person acts under color of state law "only when exercising power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" Polk County v. Dodson, 454 U.S. 312, 317-18 (1981), quoting United States v. Classic, 313 U.S. 299, 326 (1941).

In this action, Defendant Rigby is not exercising any power of state or local government, but rather is a private actor.  The claim stated in this action is not a civil rights action, and therefore the complaint shall be dismissed.  This conclusion is not that Defendant is immune from all liability on the allegations, just that a civil rights action cannot proceed against him in this Court.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Magistrate Judge's Report and Recommendation [DE 6] is hereby **ADOPTED**;

2. Plaintiff's claims in this care are hereby **DISMISSED** pursuant to 28 U.S.C. § 1915e(2)(B)(ii) for failure to state a claim upon which relief may be granted.

3. The Clerk may close this case.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 29th day of January, 2010.

JAMES I. COHN
United States District Judge

copies to:

Dyer R. Smith
No. 500911752
Joseph V. Conte Facility
P.O. Box 407016
Fort Lauderdale, FL 33340